MARION COLE v. THE STATE.

No. 11607. Delivered October 24, 1928.
Rehearing denied November 28; 1928.

The opinion states the case.

MORROW, Presiding Judge.—The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

Reuben Hunt, a young man about twenty years of age, and Leroy Hunt, a youth about sixteen years old, went to the home of the appellant and asked if he had any beer. Receiving an affirmative answer, they went with him out into the brush where they found a tub with beer, ice and water. The beer was in bottles. A dozen bottles of the liquid were purchased for $3.00, which was paid to the appellant by Reuben Hunt. Reuben received one-half of the money from his companion, Leroy Hunt. They each drank the contents of two bottles of the liquid. From their testimony it seems evident that the liquid was a home-made article called "home brew." Each of the witnesses testified that he had never drunk any "real beer." They were somewhat contradictory in their testimony touching its effect. Neither of them were accustomed to drinking intoxicants, and from experience they were able to throw but little light as to what effect a given amount of intoxicants would produce. After drinking the two bottles each of the liquid, the remainder was thrown away by them because they did not want it. They went to a gathering where they engaged with a lot of people in a party. One witness testified that Leroy Hunt was drunk at the party. Leroy Hunt disclaimed drinking anything other than the two bottles of liquid mentioned. He was on the witness stand several times. His final declaration was that he was not drunk but was intoxicated; that he was "lit up." There was testimony to the effect that the home of the appellant was much frequented by people in automobiles. No testimony was introduced in behalf of the appellant.

On the question of the sufficiency of the evidence we are not prepared to agree with the appellant's contention that the witnesses were incompetent to give their opinion touching drunkenness, nor that the evidence was insufficient to support the finding that the liquid possessed for the purpose of sale was intoxicating. On the subject of the competency of witnesses to give their opinions reference is made to Underhill's Criminal Evidence, 3rd Ed., p. 389, sec. 278; Clark

v. State, 53 Tex. Crim. Rep. 529. The above remark is made in view of the several bills of exceptions in which complaint is made of the ruling of the court in receiving the testimony of Mike Everett, who testified that in his judgment Leroy Hunt was drunk. Everett described the conduct of Hunt and his opinion on the subject was properly before the jury.

Counsel for the State in his argument referred to the fact that there must be something in the case as a certain individual, whom he named, was on the grand jury that found the indictment. The court told the jury that the indictment was not to be considered by them as any evidence in the case, and in qualifying the bills, states that the remark was invited by the argument of counsel for the appellant, who said that the indictment was made upon the petty charge of making "home brew."

In another bill complaint is made of the remark of the prosecuting attorney in which he said: "I have not abandoned the second and third counts of the indictment." As qualified, it appears from the bill that at the instance of the appellant the State had been required to elect to rely upon the first count of the indictment. Counsel for the appellant, in his argument, referred to the fact that the State had abandoned the second and third counts and that the remark complained of was the answer made by State's counsel. The court submitted but one count to the jury, namely, that upon which the conviction rests, which was the first count of the indictment.

In his argument, appellant contends that the evidence reflects a variance in that there was a sale of the liquor to two persons instead of the one named in the indictment. The contention is manifestly not pertinent as the conviction was not upon the count in the indictment charging sale but that of possession for the purpose of sale.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Two boys by the name of Hunt swore positively to the sale of beer to them by appellant, and that each of them drank two bottles, and that they then went to a party. Each testified that he felt the effects of what he drank, and one of them said the liquor was intoxicating and that he was "Lit up," from drinking it. Another witness who was at said party testified that he saw the young man there, who had testified that he was "Lit up," and in the opinion of the latter witness this young man was drunk

at said party. The only ground of the motion for rehearing is that the evidence did not sufficiently support the verdict and judgment on the point that the liquor sold by appellant was intoxicating. Our review of the facts, in the light of the motion, but more thoroughly confirms us in the belief that our former opinion was correct.

The motion for rehearing is overruled.

*Overruled.*